1

2

3

4

5

6                         UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                        * * *

9    DIAMOND STATE INSURANCE            )
     COMPANY, an Indiana corporation,   )
10                                       )              3:08-cv-00296-LRH-GWF
                    Plaintiff,           )
11                                       )
     v.                                  )
12                                       )              ORDER
     GENESIS INSURANCE COMPANY, et al., )
13                                       )
                    Defendants.          )
14   _____)

15          Presently before the court is Plaintiff Diamond State Insurance Company's Motion for a

16   New Trial (#55[1]).  Defendant Genesis Insurance Company has filed an opposition (#56) and

17   requests sanctions against Plaintiff pursuant to Federal Rule of Civil Procedure 11.

18   **I.      Facts and Procedural History**

19          In November of 2008, the parties entered into a settlement agreement whereby the parties

20   resolved the underlying issues in this action and agreed to dismiss the case.  Nonetheless, the

21   parties were unable to stipulate to a dismissal.  In particular, the parties disagree as to whether this

22   case should be dismissed with or without prejudice.  Plaintiff sought dismissal without prejudice

23   pursuant to Federal Rule of Civil Procedure 41(a)(2).

24          However, pursuant to the terms of the settlement agreement the parties made in November

25   _____

26          [1]Refers to the court's docket entry number.

of 2008, the court dismissed the case with prejudice (#53). In the agreement, the parties agreed to "mutually waive and release any and all claims . . . or recovery under any other theory they may have or may claim to have against each other relating in any way to the [underlying] action." (Pl.'s Mtn. to Dismiss Without Prejudice (#45), Ex. 1 at 4.) To protect Defendant's interest in entering and upholding the settlement agreement, the court dismissed the case with prejudice. Plaintiff now asks the to court grant a new trial pursuant to Rule 59(a)(2).

**II.    Discussion**

**A.  Motion to Reconsider Judgment**

Despite Plaintiff's characterization of its motion as one for a new trial, "the moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for the relief requested." *United States v. 1982 Sanger 24′ Spectra Boat*, 738 F.2d 1043, 1046 (9th Cir. 1984). Because there was no trial, and the motion was filed within ten days of the court's order, the court will consider the motion under the legal standard of Federal Rule of Civil Procedure 59(e).[2]

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carrol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotation marks and citations omitted). Reconsideration of the district court's initial decision is inappropriate in the absence of (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) a clear error or manifest injustice. *Carrol*, 342 F.3d at 945; *Sch. Dist. No. 1J, Multnomah County, Or. v. AC&S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted).

---

[2]On June 5, 2009, the clerk entered judgment (#54). On June 18, 2009, thirteen days later, Plaintiff filed a motion for a new trial. Pursuant to Federal Rule of Civil Procedure 6(a)(2), the court must "exclude intermediate Saturdays, Sundays, and legal holidays when the period is less than 11 days." Fed. R. Civ. P. 6(a)(2). Since a Rule 59(e) motion requires that the movant file within ten days of judgment, it is appropriate to exclude weekends and legal holidays. Plaintiff meets the ten day requirement with such exclusions.

Moreover, the motion must "set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision." *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986).

After fully considering Plaintiff's arguments, the record, and the relevant law, the court finds that Rule 59(e)'s "extraordinary remedy" is not appropriate in this case. Plaintiff has not offered newly discovered evidence, demonstrated an intervening change in the law, or showed clear error or manifest injustice. Instead, Plaintiff merely argues that it and the other parties "expressly did *not* agree that this action would be dismissed with prejudice," contending that the court was wrong to analogize this situation to a case in which the parties' settlement agreement expressly stated the case would be dismissed with prejudice. (Pl.'s Mot. for New Trial (#55) at 2.)

In evaluating whether the dismissal should be with or without prejudice, "the [c]ourt may order dismissal to be with prejudice where it would be inequitable or prejudicial to the defendant to allow the plaintiff to refile the action." *Burnette v. Godshall*, 828 F.Supp. 1439, 1443-44 (N.D. Cal. 1993). Here, the court relied on the language in the settlement agreement between the parties, which states that the parties agree to "mutually waive and release any and all claims . . . or recovery under any other theory they may have or may claim to have against each other relating in any way to the [underlying] action." (Pl.'s Mtn. to Dismiss Without Prejudice (#45), Ex. 1 at 4.) While the words "with prejudice" are not explicitly mentioned, the settlement agreement contains language that strongly implies the parties agreed to settle with prejudice. In addition, there is no language in the agreement that might make the court think to the contrary. Because Plaintiff's motion does not contain any newly discovered evidence and does not identify an intervening change in controlling law or clear error or manifest injustice, the court will deny Plaintiff's motion for a new trial.

**B.  Motion for Sanctions**

In its opposition, Defendant requests that sanctions be imposed against Plaintiff for bringing a frivolous motion meant to "harass [Defendant] or to advance some currently undisclosed ulterior

3

agenda." (Def.'s Opp. to Pl.'s Mot. for New Trial (#56) at 1.)  "Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose."  *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992) (citations omitted).  However, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution."  *Id.* at 1421 (internal quotation marks and citations omitted).

Here, the court finds that the extraordinary remedy of imposing sanctions is not warranted. Although the court understands Defendant's frustration, the court cannot say that Plaintiff's motion is frivolous, legally unreasonable, without any factual foundation, or brought for improper purpose. Accordingly, the court will deny Defendant's request for sanctions.

IT IS THEREFORE ORDERED that Plaintiff's Motion for a New Trial (#55) is DENIED.

IT IS FURTHER ORDERED that Defendant's Request for Sanctions (#56) is DENIED.

IT IS SO ORDERED.

DATED this 14th day of July, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4